# NEWMAN *v.* THE BLAKE & KNOWLES STEAM PUMP WORKS.

---

### TAXATION; CONDEMNED LAND.

The deduction from the amount awarded for land taken for public improvements, of the amount of taxes for years following the confirmation of the award and the appropriation to pay it, assessed following the compromise of litigation between the original owner and his mortgagee as to their rights in the award, cannot be upheld upon the theory that title did not pass until the award was paid, where, although the public authorities asked for an order in the proceedings between the mortgagor and mortgagee directing the payment of the award into court, they made no tender, and where they had possession

and use of the land during the years for which the taxes in question were assessed.

No. 2594.    Submitted January 6, 1914.    Decided February 2, 1914.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia directing them to pay to plaintiff the amount of taxes retained out of an award for land taken for public improvement.            *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit had its origin in a proceeding begun by the then District commissioners, on May 7, 1907, to condemn part of a tract of land owned by Chapin Brown; the whole subject to a mortgage to secure a note held by the Blake & Knowles Steam Pump Works, a corporation, amounting to $18,642.19.

Brown was made a party to the proceeding. The mortgagee by arrangement with Brown failed to become a party. An award was made October 2, 1907, assessing the value of the land taken at $13,881.50. This award was confirmed by the proper court. Congress appropriated the money to pay the award. Brown repudiated the mortgage and claimed the entire amount of the award. On a bill filed by the mortgagee against Brown and the commissioners the court gave an opinion in favor of the mortgagee. Before the decree was entered Brown and the mortgagee inquired of the corporation counsel if there were any unpaid taxes on the land. He, learning by inquiry of the tax office, that no taxes had been assessed, reported the fact to the other parties, who thereupon compromised their demands; the mortgagee to have decree for the award, and releasing the remainder of the mortgaged land of Brown. A decree was entered to that effect and also reciting that no taxes were assessed against the land. On the next day, upon motion of the commissioners, the former decree was modified striking therefrom the cancelation of taxes, directing the payment of the award to plaintiff upon plaintiff securing any unpaid taxes, and opening the question of taxes for further hearing. The assessor of taxes

immediately assessed the land for the years 1911, 1912, and part of 1913. The amount thereof—$407—was retained out of the award, and the remainder paid to plaintiff. The final decree ordered the payment of said sum of $407 to the plaintiff.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellants.

*Mr. A. S. Worthington* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The manner in which the assessment was made has been assailed as illegal; but we need not enter upon its consideration. Nor is it necessary to consider the question of estoppel, based on the representation that there were no taxes due, and the compromise agreement between plaintiff and Brown.

The commissioners contend that, as the award had not been actually paid to Brown or those claiming under him, the title did not actually pass out of him. Upon this technical point the right to continue to assess the land rests.

The pleadings show that the condemnation award had been confirmed December 18, 1907, and accepted by the commissioners. Their answer to the original petition, (filed December 2, 1909) shows that Congress had authorized the payment and, without tendering the money, they asked an order directing its payment into court or into the hands of receivers. It appears also that in 1910 and 1911 Congress appropriated money for the improvement of the said park way, lands for which had been condemned. The condemned land had passed into the possession and control of the commissioners for public use, and the money for its improvement had been appropriated in 1910. The award could have been paid into the registry of the court as soon as the commissioners were informed of the contending claims, and all question of title to the land immediately settled.

Having possession and use of the land during the years for which the belated assessment was returned, they, because of their failure to deposit the money, now seek to compel the owners of the land, who have had the use of neither land nor money during those years, to pay taxes upon it.

The demand is inequitable and unjust, and the court rightly so decreed.

The decree is affirmed, with costs. *Affirmed.*